IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-1458-PSF-MEH

CLARK S. SPALSBURY, JR.,

    Plaintiff,

v.

CYNTHIA L. SISSON;
RONALD SCHULTZ, as County Court
Judge, 8th Judicial District;
JAMES HIATT, as Chief and District
Court Judge, 8th Judicial District;
SHERLYN K. SAMPSON, personally; and
SHERLYN K. SAMPSON, as Clerk of Court,
8th Judicial District;
STATE OF COLORADO;

    Defendants.

**ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the Recommendation for Dismissal Without Prejudice of Remaining Claims and Parties and the Recommendation for Sanctions Against Plaintiff (Dkt. # 171), filed February 1, 2006. On March 8, 2006, Plaintiff Clark S. Spalsbury, Jr. filed an Objection to Magistrate's Recommendations (Dkt. # 183). Defendants Ronald Schultz, James Hiatt, and Sherlyn K. Sampson (collectively, the "Judicial Defendants") filed a Response to Plaintiff's Objections on March 10, 2006 (Dkt. # 187). The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b).

## I. BACKGROUND

The underlying facts giving rise to this case are adequately set forth in the Recommendation of the Magistrate Judge and need not be detailed here. In sum, the underlying suit stems from an altercation between plaintiff and his ex-wife, Cynthia Sisson, that resulted in plaintiff's arrest. Plaintiff, a former attorney appearing *pro se* in this action, challenges his ex-wife's actions in the altercation, as well as the subsequent refusal of the Judicial Defendants to accept from plaintiff and file a criminal complaint against her. Mr. Spalsbury's operative Third Amended Complaint, filed June 13, 2005 (Dkt. # 107), also includes claims against the Governor of Colorado; however, this defendant has never been served and Mr. Spalsbury has apparently not pursued litigation of those claims. *See also* Judicial Defs.' Mot. to Dis. at 3 (asserting a belief that Governor Owens has never been served). In any event that claim was the explicit subject of plaintiff's dismissal motion, discussed below, and not reasserted by plaintiff.

## II. RECOMMENDATION FOR DISMISSAL

### A. Plaintiff's Dismissal Request

The Magistrate Judge recommends that plaintiff's "Dismissal Request as Directed by Magistrate," filed July 11, 2005 (Dkt. # 120), be granted and all remaining claims against remaining parties be dismissed without prejudice. Plaintiff filed the dismissal, contending that he was ordered to do so by the Magistrate Judge. Simultaneously with filing the dismissal, plaintiff filed an Objection to Magistrate's Order (Dkt. # 121), acknowledging that he sought dismissal "of all but one of those claims without prejudice as directed by the Magistrate" Judge, but objecting to dismissal of his

seventh claim for relief involving access to courts, due process, and equal protection. Pl.'s July Obj. at 1.  This Objection was overruled by an order of this Court on November 16, 2005 (Dkt. # 164), finding that the Magistrate Judge imposed no requirement on plaintiff to dismiss his claims.

The Court has reviewed *de novo* the entire record in this case, including previously filed motions to dismiss by defendants and plaintiff's responses.  Plaintiff objects to the present Recommendation for essentially the same reasons as stated in his responses to the pending motions to dismiss, and does not address his previous representation to this Court that he voluntarily sought dismissal of all claims save his seventh claim for relief.

Mr. Spalsbury's July 11, 2005 dismissal request asked this Court to "dismiss claims as requested herein after July 11, 2005, unless the Court stays the Magistrate's order and this motion."  Pl.'s Dismissal Request at 3.  As noted, this Court found no order by the Magistrate Judge directing plaintiff to initiate any such dismissal, and never stayed plaintiff's dismissal motion.  Rather, this Court found that the Magistrate Judge had ordered that "Plaintiff shall have to and including July 11, 2005, to further research his case and consider a voluntary dismissal of this case."  Order on Obj. at 1 (quoting Min. Order at 1).  Accordingly, the Magistrate Judge interpreted the July 11, 2005 filing as an attempt by plaintiff to proceed pursuant to F.R.Civ.P. 41. Rec. at 1. The Recommendation notes that Mr. Spalsbury "is entitled to have his claims dismissed 'without prejudice' because, as plaintiff has been told since March 7, 2005, plaintiff never was able to present any facts that would demonstrate that this court had

3

jurisdiction over the remaining defendants and/or the subject matter of the claims alleged against them." *Id.* at 24.

### B. Claims against Cynthia Sisson

Under F.R.Civ.P. 41(a)(2), a court may order dismissal "at the plaintiff's instance." Here, dismissal of the claims against Ms. Sisson certainly comes "at the plaintiff's instance." Mr. Spalsbury has never sought to withdraw his dismissal request as to her, despite his ongoing and contradictory efforts to continue litigating other aspects of the case. Mr. Spalsbury has on more than one occasion represented to this Court that he wishes to dismiss his claims against Ms. Sisson. *See* Pl.'s Resp. to Sisson's Mot. Dis. at 4 (Dkt. # 149) (explaining plaintiff's rationale for dismissing claims against Sisson and his intention of pursuing such claims in state court); Pl.'s July Obj. at 1 (Dkt. # 121) (explaining that plaintiff seeks dismissal of all but his seventh claim for relief against Judicial Defendants). Therefore, the Magistrate Judge's recommendation granting plaintiff's own motion to dismiss as to Ms. Sisson cannot be said to be an incorrect application of the law and facts in this case.

The Court notes Mr. Spalsbury's objection as to whether supplemental jurisdiction exists over Ms. Sisson in this case. *See* Pl.'s Mar. Obj. at 2-8. As claims against her have been dismissed "at the plaintiff's instance" pursuant to F.R.Civ.P. 41(a)(2), this issue is moot, and no decision as to supplemental jurisdiction over Ms. Sisson is required.

Pursuant to F.R.Civ.P. 41(a)(2), which states that "an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper," the Magistrate Judge recommends that the

4

dismissal without prejudice of plaintiff's claims against Ms. Sisson be accompanied by an order directing plaintiff to pay attorneys fees and costs incurred by her in her efforts to defend against plaintiff's claims. Based on plaintiff's own pending motion to dismiss, the order to pay fees and costs incurred by defendants is an appropriate condition of dismissal. This is especially true where, as the Magistrate Judge correctly points out, plaintiff intends to pursue his claims in state court. See Pl.'s Resp. to Sisson's Mot. Dis. at 4 (explaining his intention to pursue claims against Ms. Sisson in state court following his requested dismissal); see also AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997) ("When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."). Further, a district court has discretion under Rule 41(a)(2) in awarding attorneys' fees, see id. at 1527, and such an award under these circumstances is within that discretion. The Court therefore does not address the Magistrate Judge's recommendation that attorney fees should also be awarded to Ms. Sisson as sanctions under both F.R.Civ.P. 11 and 28 U.S.C. § 1927.

### C. Claims Against Judicial Defendants

At the same time plaintiff filed his dismissal request he filed what he captioned "Objection to Magistrate's Order," seeking to maintain his claim against the Judicial Defendants. That cause of action, the "Restated Seventh Claim for Relief (Equal Access to Courts, Due Process and Equal Protection) (Sampson, Schultz, and Hiatt)," is the only claim that is the subject of the Objection. Plaintiff seeks to continue prosecuting that claim.

Construing Mr. Spalsbury's *pro se* July 11, 2005 dismissal in conjunction with his simultaneous objection to dismissal, the Court finds that as to his Seventh Claim against the Judicial Defendants, such dismissal is not "at the plaintiff's instance" as contemplated by F.R.Civ.P. 41(a)(2).  The Court reaches this conclusion in light of his representations to the Court that the July 11, 2005 dismissal was operative as to all but his seventh claim for relief involving access to courts, due process, and equal protection.  Pl.'s July Obj. at 1.  Such an objection under these circumstances can be properly viewed as a motion to withdraw a pending motion.  *See Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 1996) (relaxing pleading requirements where purpose of requirement otherwise fulfilled).  The issue of whether a former lawyer acting *pro se* is entitled to pleading leniency under *Haines v. Kerner*, 404 U.S. 519, 520 (1972) need not be reached.  Plaintiff's request to preserve that claim is GRANTED and thus the Court turns to the merits of the Judicial Defendants' Motion to Dismiss (Dkt. # 125), filed July 28, 2005 and fully briefed by the parties.  (The Judicial Defendants also filed a Motion to Dismiss on June 8, 2005 (Dkt. # 103).  However, this motion was filed before the operative Third Amended Complaint, and it has not been briefed.)

Mr. Spalsbury, in bringing suit against the Judicial Defendants, contends that "any person, including a victim of a misdemeanor such as Spalsbury, has an *unconditional right* to initiate a criminal proceeding against another person by filing a verified complaint in the proper court." Third Am. Compl. at 22, ¶ 156 (emphasis added).  He claims that the Judicial Defendants' refusal to file his complaint against Ms. Sisson violated his rights to equal access to the court, due process, and equal protection.  *See id.* at 23-24, ¶¶ 164-170.  He requests damages against Ms. Sampson,

the clerk who refused to file, and injunctive relief against the two judges who directed her not to file it.

Mr. Spalsbury cites language from a now-superseded Colorado criminal procedure rule which apparently allowed "any person" to file a misdemeanor criminal complaint. *See* Pl.'s Resp. to Jud. Defs.' Mot. Dis. at 9. Assuming *arguendo* that the rule in question, C.R.Crim.P. 4.1(b) and (c), did create the power in "any person" to file a sworn complaint with the county court prior to its amendment effective July 1, 2004, Mr. Spalsbury provides no evidence or basis for finding that the rule created an "unconditional right," as he describes it. No evidence exists suggesting that a private right of action is available based on a failure by the county clerk to comply with the rule.

The language of the rule as quoted by plaintiff indicates discretion on the part of the county clerk, who "may" issue a summons if a sworn complaint is filed. *See* Pl.'s Resp. to Jud. Defs.' Mot. Dis. at 9 (quoting C.R.Crim.P. 4.1(c)(1)). Further, even if Mr. Spalsbury's complaint were filed by the clerk, he does not challenge the District Attorney's discretion to decide whether or not to actually prosecute the case. *See id.* at 3. Here, the county clerk checked with the County Court Judge and eventually the Chief District Court Judge, who both instructed her not to accept the complaint. Plaintiff presents no evidence that such an exercise of discretion violated the rule in question, prompting his claim for constitutional violations, nor is there any evidence that such discretion was exercised arbitrarily or capriciously.

Mr. Spalsbury certainly has not been denied access to the courts if he wants to pursue his claims against Ms. Sisson–he has not indicated an inability to file a civil complaint in any court of competent jurisdiction. A criminal complaint, however, is

brought in the name of the People of the State of Colorado, and under the direction and discretion of the district attorney. Plaintiff has failed to state a claim entitling him to relief on the basis of the facts alleged.

Moreover, even if plaintiff had stated a claim, his claim against Ms. Sampson for damages is clearly barred by absolute judicial immunity, which protects "non-judicial officers performing discretionary judicial acts . . . and ministerial acts at the direction of a judge." *Whitesel v. Sengenberger*, 222 F.3d 861, 869 (10th Cir. 2000). Whether the filing of Mr. Spalsbury's complaint is considered discretionary or ministerial, it was at the direction of a judge, and Ms. Sampson is thus immune from liability for monetary damages. Ms. Sampson is also entitled to qualified immunity because plaintiff, among other deficiencies, failed to establish that what she is accused of doing violated clearly established Supreme Court or Tenth Circuit precedent. *See Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006). Judges Schultz and Hiatt are entitled to judicial immunity, given that they were acting in their judicial capacities and not in the complete absence of all jurisdiction. *Whitesel*, 222 F.3d at 867; *Giron v. Chaparro*, 2006 WL 165015 *2 (10th Cir., Jan. 24, 2006).

Further, even assuming *arguendo* that a viable claim exists for constitutional violations stemming from a failure to comply with C.R.Crim.P. 4.1, plaintiff's request for prospective injunctive relief against the Judicial Defendants must fail as he is no longer entitled to such relief. Plaintiff admits that the rule has been changed, and no longer contains the language at issue. *See* C.R.Crim.P. 4.1(b) and (c), as amended July 1, 2004; Pl.'s Mar. Obj. at 8.

Because the Court determines the claims against the Judicial Defendants on the merits, their dismissal is *with prejudice*. In such circumstances, the Judicial Defendants are not entitled to an award of attorneys' fees under F.R.Civ.P. 41(a)(2). *See AeroTech, Inc.*, 110 F.3d at 1527 (distinguishing between dismissals with and without prejudice in awarding attorneys' fees). Unlike Ms. Sisson, the Judicial Defendants do not face the risk that Mr. Spalsbury may refile his claims in another court. Further, the Court declines to award attorneys' fees as sanctions against plaintiff as to these defendants under either F.R.Civ.P. 11 and 28 U.S.C. § 1927. The Judicial Defendants did not pursue the "safe harbor" approach to obtaining Rule 11 sanctions. *See* F.R.Civ.P. 11(c)(1)(A). Also, it is problematic whether 28 U.S.C. § 1927 applies to a former lawyer acting *pro se*.

### III. CONCLUSION

Based on the foregoing reasons, the Court concludes that as to the claims against Ms. Sisson, the Magistrate Judge's Recommendation is a correction application of the law and facts in this case. As to the claims against the Judicial Defendants, the Court does not accept the Recommendation and determines on the merits that plaintiff has failed to state a claim entitling him to relief on the basis of the facts alleged.

Accordingly, it is

ORDERED as follows:

1. The Court ACCEPTS and ADOPTS in part and REJECTS in part the Recommendation for Partial Dismissal Without Prejudice of Remaining Claims and Parties and Recommendation for Sanctions Against Plaintiff (Dkt. # 171) as set forth herein;

2.  Plaintiff's Dismissal Request (Dkt. # 120) is GRANTED as to all claims asserted against Cynthia Sisson, and all claims against her are DISMISSED WITHOUT PREJUDICE;

3.  Plaintiff shall pay reasonable attorney fees and costs incurred by Ms. Sisson;

4.  Ms. Sisson is ORDERED to file a request for fees and costs within ten days of the date of this ORDER.  Plaintiff shall file a response within seven days of the request for fees and costs; any reply shall be filed within five days thereafter;

5.  Plaintiff's motion to withdraw his voluntary dismissal of his Seventh Claim against the Judicial Defendants is GRANTED;

6.  The Motion to Dismiss filed by the Judicial Defendants (Dkt. # 125) is GRANTED and all claims against Defendants Schultz, Hiatt and Sampson are DISMISSED WITH PREJUDICE;

7.  The earlier Motion to Dismiss filed by the Judicial Defendants (Dkt. # 103) is DENIED AS MOOT;

8.  The Motion to Dismiss filed by Ms. Sisson (Dkt. # 128) is DENIED AS MOOT; and

9.  All remaining claims are DISMISSED WITHOUT PREJUDICE and the case is DISMISSED on the terms described above.

DATED: March 29, 2006

                                                  BY THE COURT:

                                                  *s/ Phillip S. Figa*
                                                  _____
                                                  Phillip S. Figa
                                                  United States District Judge