IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01458-PSF-MEH

CLARK S. SPALSBURY, JR.,

    Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
ERIC ROSE, Personally and as a Sergeant, Estes Park Police Department, Colorado;
JODI DRING, Personally and as an Officer, Park Police Department, Colorado;
GREG FELSINGER, Personally and as Lieutenant and Assistant Chief,
    Estes Park Police Department, Colorado;
CORY P. PASS, Personally and as an Officer, Park Police Department, Colorado;
CYNTHIA L. SISSON;
JAMES A. ALDERDEN, Sheriff, Larimer County, Colorado;
LARIMER COUNTY, STATE OF COLORADO, as Owner and Operator of
    Larimer County Detention Center;
RONALD SCHULTZ, as County Court Judge, 8th Judicial District,
    Larimer County, Colorado;
JAMES HIATT, as Chief and District Court Judge, 8th Judicial District,
    Larimer County, Colorado;
STEPHEN SCHAPANSKI, as District Court Magistrate, 8th Judicial District,
    Larimer County, Colorado; and
SHERLYN K. SAMPSON, Personally and as Clerk of Court, 8th Judicial District,
    Larimer County, Colorado,

    Defendants.

## ORDER REGARDING ATTORNEY FEES

This matter is before the Court on Defendant Cynthia L. Sisson's Request for Attorney Fees and Costs Pursuant to March 29, 2006 Order (Dkt. # 196), filed April 25, 2006. Fees and costs were awarded Ms. Sisson against plaintiff, based on F.R.Civ.P. 41(a)(2), in light of plaintiff's voluntary dismissal of her as a party defendant. *See* Order on Recommendation of United States Magistrate Judge (Dkt. # 188), dated March 29, 2006, at 5, 10.

Ms. Sisson seeks attorney fees in the amount of $9,169.75 and costs in the amount of $100.70. On May 16, 2006, Plaintiff Clark Spalsbury filed an Objection to Attorney's Fees (Dkt. # 207), claiming on information and belief that "Sisson has not paid all of the subject fees, is not liable for the amount of those fees, and/or is not a proper real party in interest," that the billing rates, which range from $75 to $175 an hour, are "excessive and unreasonable," and that "a significant portion of the work was unnecessary or duplicative." Mr. Spalsbury requests a "fee hearing of three days since, without discovery as to fees which are a matter of expertise, he must inquire of the witnesses in substantial detail."

This case, originally filed almost two years ago on July 16, 2004 and consisting of over two hundred docket entries, was finally dismissed in its entirety on March 29, 2006 (Dkt. # 188). The March 29, 2006 Order dismissed the claims as to Ms. Sisson without prejudice pursuant to F.R.Civ.P. 41(a)(2) and granted her reasonable attorney fees and costs. In light of the length and extent of the litigation in this case, Ms. Sisson's fee and cost requests are not unexpectedly excessive or unreasonable. After a careful review of the billing documents submitted by Ms. Sisson, the Court determines that a fee award of $8,750 is appropriate under the circumstances, as is an award of costs in the amount of $100.70, as documented by Ex. A, Account Statement, attached to Def.'s Mot. Fees. Such amounts are deemed proper as the terms for the voluntary dismissal without prejudice of Defendant Sisson under F.R.Civ.P. 41(a)(2). Plaintiff cites no factual basis for his contention that such sums were not actually paid or owed by Defendant Sisson to her attorney or that even if such sums were only conditionally owed to her attorney, plaintiff would not be nonetheless liable for them.

A hearing on the fee and cost award is not warranted, much less three days worth, and is wasteful given the amount at issue and the nature and length of this litigation and the amount sought.  *See also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorneys fees should not result in a second major litigation."); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 205-06 (7th Cir. 1985) (hearing on fee award as Rule 11 sanction unnecessary); *Rogers v. Penland*, 232 F.R.D. 581, 582 (E.D. Tex. 2005) ("While an opportunity to submit revised bills, and a full hearing on the reasonableness of claimed fees might allow each side to demonstrate or clarify which fees are for time actually spent in preparing for and participating in depositions, disputes over costs should not become 'satellite litigation.'").

Plaintiff has shown no requirement that this Court conduct a hearing in these circumstances, where dismissal was granted following the plaintiff's request, pursuant to F.R.Civ.P. 41(a)(2).  In light of the background behind this litigation and plaintiff's unreasonable request for a three-day hearing, the negative aspects of such a hearing would appear to far outweigh any potential benefits.

Defendant Cynthia L. Sisson's Request for Attorney Fees and Costs Pursuant to March 29, 2006 Order (Dkt. # 196) is GRANTED in part.  A judgment shall enter in favor of Defendant Sisson against Plaintiff Spalsbury in the amount of $8,750 for attorney fees and $100.70 in costs, for a total award of $8,850.70.

DATED: June 28, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge